IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02571-WDM-MJW

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JAMES GLAZA,

    Defendant.

---

**ORDER GRANTING MOTION FOR JUDGMENT
ON THE PLEADINGS**

---

Miller, J.

This matter is before me on the motion for judgment on the pleadings, filed by Plaintiff Securities and Exchange Commission (SEC) on January 11, 2006.  Defendant James Glaza, who is proceeding *pro se*, has not responded to the motion.  I conclude the motion should be granted.

In its complaint against Mr. Glaza, the SEC alleges he has failed to comply with a final SEC order, issued August 19, 2005, ordering him to pay disgorgement of $318,192.66, prejudgment interest, and a penalty.  In his answer, Mr. Glaza admits these allegations (although, paradoxically, he denies that he is in violation of the SEC's order).  Answer, ¶¶ 1, 10, 11.  As an "affirmative defense," he alleges he has no assets with which to satisfy any judgment because his only sources of income, a military pension and an IRA, are exempt from execution.

Fed. R. Civ. P. 12(c) authorizes any party to file a motion for judgment on the

pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." In ruling on the SEC's motion, I must accept the nonmoving allegations as true and view the facts in the light most favorable to the nonmovant. 2 James Wm. Moore et al., Moore's Federal Practice § 12.38 (3d ed. 1997). "Judgment on the pleadings is appropriate if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Burns Int'l Security Servs., Inc. v. Int'l Union, United Plant Guard Workers of America*, 47 F.3d 14, 16 (2d Cir. 1995).

The SEC is authorized by law to seek an order or writ commanding a person to comply with SEC administrative orders. *See* 15 U.S.C. §§ 77t(c), 78u(e). Mr. Glaza does not contend that an administrative order was not issued against him, nor does he argue the order is invalid for any reason. Further, he admits he has failed to comply with the administrative order by not paying the ordered disgorgement, interest, and penalty. Although the SEC does not address the affirmative defense of inability to pay asserted by Mr. Glaza in his answer, I am unaware of any authority establishing lack of monetary resources as a defense to the entry of judgment on an SEC order.

Based upon the record before me, including the undisputed facts alleged in the complaint, I conclude the SEC is entitled to judgment as a matter of law on its claim against Mr. Glaza.

Accordingly, it is ordered:

1. The motion for judgment on the pleadings, filed January 11, 2006, is granted.
2. Pursuant to 15 U.S.C. §§ 77t(c), 78u(e), judgment shall enter in favor of plaintiff Securities and Exchange Commission and against defendant James Glaza

directing Mr. Glaza to comply with the SEC's August 19, 2005 order in *In the Matter of James Glaza*, Administrative Proceeding File No 3-11468 and pay the disgorgement, prejudgment interest, and penalty ordered therein.

DATED at Denver, Colorado, on March 10, 2006.

                        BY THE COURT:

                        s/ Walker D. Miller
                        United States District Judge